[No. 19367.   Department One.   May 26, 1926.]

DANIEL FERGUSON, *Appellant,* v. THE CITY OF YAKIMA *et al., Respondents.*[1]

[1] MUNICIPAL CORPORATIONS (415, 430)—INJURY TO PEDESTRIAN—ALLEYS—EXCAVATIONS—CARE REQUIRED OF CITY. It is error to instruct that a city is not under obligation to keep an alley, used by pedestrians, in as safe condition for travel as it is required to keep a street or sidewalk.

[2] SAME (440)—ALLEYS—USE AS HIGHWAY—CARE REQUIRED OF PEDESTRIAN. In an action for personal injuries due to a fall in an excavation in an unlighted alley commonly used by pedestrians, it is error to instruct that persons using such alley must exercise a higher degree of care than when using a lighted street.

[3] TRIAL (114)—INSTRUCTIONS—CONSTRUCTION. An instruction is prejudicial where there is little or no conflict in the evidence and the questions for the jury are whether the acts of the parties constituted negligence or contributory negligence.

Appeal from a judgment of the superior court for Yakima county, Blake, J., entered May 19, 1923, upon the verdict of a jury in an action for personal injuries. Reversed.

[1]Reported in 246 Pac. 287.

*Lee C. Delle,* for appellant.

*Dolph Barnett, O. L. Boose,* and *Grady & Velikanje,* for respondents.

FULLERTON, J.—The appellant, Daniel Ferguson, brought this action against the respondents, City of Yakima and S. A. Campbell, to recover for personal injuries. There was a trial by jury, resulting in a verdict for the respondents. The appeal is from the judgment entered on the verdict.

The appellant and his wife had rooms in the second story of a house situated on lot 7, in Block 94, of the city of Yakima. Running north and south through the block was an alley 20 feet in width. The lot mentioned was on the east side of the alley, and was the second lot north from the south side of the block. The appellant and his wife took their evening meal at a residence situated on the south lot of the west side of the block. Their customary way of going from their rooms to the place where they took their meals was to leave the house in which their rooms were situate by the rear door, pass directly west to the alley, thence south along the alley to a street on the south side of the block, and thence west on the street. On the evening of November 17, 1922, the appellant reached his rooms, coming from his place of work in the business part of the city of Yakima, at about half past six o'clock. Some fifteen minutes later, he and his wife left the rooms to go for their evening meal. They started over their usual course with the appellant in the lead. As they reached the alley, the appellant stumbled over an obstruction placed on the side thereof and fell into an excavation which had been dug by the respondent Campbell, during the earlier hours of the day, under contract with the city for the purpose of laying a water main.

The contractor had made an effort to guard the excavation. He had placed a barrier across the alley at its intersection with the street on the south, and another at the end of the excavation, some 150 feet to the north of the street. On each of these he had placed red lights, but had placed no intermediate barriers or lights. The appellant entered the alley about midway between the barriers. His testimony was to the effect that he saw neither the barriers nor the lights, and did not know that the city was laying water mains in that vicinity. The pathway leading from the house in which he had rooms into the alley was well defined and passed into the alley unobstructed.

The evidence shows that the alley was used constantly by the owners of property abutting thereon, both as a passageway for vehicles and as a way to pass on foot, and was sometimes used as a thoroughfare. Its surface was comparatively smooth; it was kept free from obstructions; and it was as safe for use as the ordinary unlighted street. The appellant and his wife had passed over the course on which they started on the particular occasion every evening for a considerable period of time. The appellant was seriously injured. He suffered a fracture of the left leg of such a nature as to leave him a permanent cripple.

The errors assigned relate to the refusal of the court to give to the jury certain requested instructions, and to a certain instruction given. Of the requested instructions, little needs be said. In part, they related to questions over which there was no dispute and which required no special mention, and, in so far as they were material, they were sufficiently covered by the instructions given by the court.

The instruction given, to which exception is taken, is the following:

"A person who travels upon or across an alley in a city, and especially in the night time and after it is dark, must exercise a higher and greater degree of care for his own safety than when traveling upon or along a street or sidewalk, and I instruct you that it was the duty of the plaintiff in attempting to travel along or across the alley to take into consideration the fact that the alley was not lighted as a street is lighted, and that the city was not obliged to keep it in the same condition for travel as it was required to keep a street or sidewalk, and that it might not be as safe for travel by him as a street or sidewalk would be, and having in view all of these circumstances and conditions to exercise such reasonable care and caution in the use of the same for travel as a prudent and careful person would do under like circumstances and conditions, and if he failed to do so he cannot recover any damages for any injuries he may have sustained."

[1] This we conceive is a misconception of the law. The alleys in a city, platted and dedicated to public use, are as much public highways as are the streets therein. (Rem. Comp. Stat., § 9292 [P. C. § 1181]; *Carroll v. Centralia Water Co.,* 5 Wash. 613, 32 Pac. 609, 33 Pac. 431.) They are under the control of the public authorities of such city (Rem. Comp. Stat., § 9294) [P. C. § 1267], and it is as much the duty of the city to keep them in repair for public use as it is its duty to keep in repair the highways more commonly called streets. In all instances, whether the highway be a street or alley, reasonable care in this regard must be exercised. What will constitute reasonable care, must, of course, vary with the circumstances. Reasonable care in the upkeep of an outlying and little used street might be gross negligence when applied to the much used streets in the more congested business portion of the city, but the legal duty is the same in every instance, the care exercised must be commensurate with the circumstances. The same rule applies to

alleys. Little or no care in one instance might be reasonable care, while in another it would be gross negligence. It is, therefore, incorrect to say, as the trial court did say in the instruction given, that a city is not obliged to keep an alley in the same condition for travel as it is required to keep a street or a sidewalk. There is no such general rule. Instances are present in every city where acts and omissions in the care of an alley would be negligence, while the same acts and omissions would be reasonable care with respect to a street or sidewalk.

[2] Nor is it a general rule that a person who travels upon or across an alley, whether in the nighttime or daytime, must exercise a higher and greater degree of care for his own safety than when traveling upon or along a street or sidewalk.. The traveler's duty in every instance is to exercise that degree of care the circumstances and conditions require; that is to say, he must exercise that degree of care a reasonably prudent person would exercise under like and similar circumstances. The court's instructions in this regard were therefore likewise erroneous.

[3] The further question is whether the instructions can be said to be prejudicial. It is our opinion that they were so. There was little or no conflict in the evidence. The questions for the jury were whether under the facts shown the respondents were guilty of negligence, and whether, if the jury found they were negligent, the appellant was guilty of such negligence as contributed to his injury. The court's instructions could easily be misleading on this latter question.

The judgment is reversed and the cause is remanded for a new trial.

TOLMAN, C. J., HOLCOMB, and MAIN, JJ., concur.