[No. 22689. Department One. December 2, 1930.]

A. M. BRICK et al., *Respondents*, v. THE CITY OF SEATTLE, *Appellant.*[1]

*A. C. Van Soelen* and *E. I. Jones,* for appellant.

*Samuel R. Stern* and *J. M. Schermer,* for respondents.

[1]Reported in 293 Pac. 453; 295 Pac. 921.

TOLMAN, J.—This is a personal injury action based on an alleged neglect of duty on the part of the city in permitting the sidewalk along one of its public streets to become and remain unsafe and dangerous on account of accumulated snow and ice. The case was tried to a jury resulting in a verdict against the city in the sum of $1,250. The city has appealed from a judgment on the verdict.

The first point raised relates to the sufficiency of the claim for damages under the city charter and under the statute, Rem. Comp. Stat., § 9478, and the failure to introduce in evidence any such claim.

The complaint alleges:

"That on the 4th day of March, 1929, the plaintiffs filed with the defendant their duly verified claim for damages on account of the injury above referred to, and that more than sixty (60) days have elapsed since the filing of the said claim."

The answer ignores this allegation and, by failing to deny, admits whatever is thereby alleged. It does not appear that any attack was made upon the complaint either by motion or demurrer.

After the case was called for trial and a jury impaneled, and before the reception of any evidence, in the absence of the jury, counsel for the city objected to the introduction of any evidence and moved for a dismissal of the action:

". . . for the reason and upon the ground that the claim filed with the city is fatally defective to maintain or sustain any verdict or judgment thereon.

"I call your honor's attention to this claim (reads claim to the court).

"Now, if your honor please, those are the only allegations in this claim as to where the accident happened and as to the description of the defect."

After argument the court denied the motion and the trial proceeded, but respondents at no time thereafter

made any proof of the filing of any claim or of the contents of the claim which the pleadings admitted was filed. Appellant asks us to hold that by reason of this situation there was an entire failure of proof upon a vital point.

Such a claim, whether filed under the city charter or the statute, necessarily must be and is a written document, and is itself the only and undisputed evidence of what it contains. So that, in any case, the written document being produced, the question of its sufficiency in form or substance is one of law for the court which is usually ruled upon when the document is offered in evidence. If the court rules the document sufficient in law and admits it in evidence, it is conclusive upon the jury, and no instruction is ever given, so far as we are aware, which permits a jury to say whether such a document is or is not a sufficient compliance with the law. So here, by its answer the city admitted that a claim for damages had been filed, and then of its own motion presented and read the document to the court and invited the court to rule as to its sufficiency in law. The court having accepted the invitation and ruled, the appellant was bound by that ruling until reversed on appeal.

The document not having been brought to this court, there is nothing for us to review, and we must assume, until the contrary is made to appear from the record, that the ruling of the trial court was correct.

The question is a wholly different one from that of the failure to introduce evidence of some fact which the jury must find in order to warrant a verdict. As we have already seen, the jury could under no circumstances be permitted to say whether the document was sufficient or not. The court only could so decide, and, having invited and obtained the court's decision, the appellant should have had the document incorporated

in the record if it desired to review that decision. Anything we may have said in prior cases about the necessity of alleging and proving that such a claim has been filed cannot be logically applied to the present situation.

Appellant attacks a single instruction, not too happily worded, because the court there said that the city's duty might be greater under some circumstances than it would be under others, and because it contains language which appellant considers a comment upon the facts. We have carefully examined this instruction in the light of all the other instructions given, and while it is somewhat involved and confusing and is not to be commended as a model, yet we cannot conceive of a jury being misled by it when read in connection with the other instructions given.

There is, even in trained minds, but little distinction between the terms "a greater duty" or "a higher degree of care," either of which is here technically incorrect, and "a greater amount of care," which is correct and should have been used. Such an error was held to be sufficient to reverse in *Morehouse v. Everett*, 141 Wash. 399, 252 Pac. 157, where the distinction is clearly pointed out. Yet here, and under the simple circumstances of this case, where the jury was repeatedly given the correct rule, we feel satisfied that one inapt and obscure reference to "duty" instead of to "amount of care" could not have misled any jury.

The other objections urged to this instruction relate to a use of words even less likely to have misled the jury and what those words are thought to have rendered obscure is made clear by other instructions given. The jury being bound to consider the instructions as a whole, we refrain from further and more detailed discussion.

Finding no prejudicial error the judgment is affirmed.

HOLCOMB and PARKER, JJ., concur.

MAIN, J. (dissenting)—I am not able to concur in the holding of the majority opinion that the claim in this case was sufficiently proven. The complaint, under numerous holdings of this court, did not sufficiently allege a claim which complied with the statutory requirements, and the complaint was therefore demurrable. The question was not raised by demurrer, but on objection to evidence after the first witness was sworn upon the trial. The presentation and filing of a claim required by law was a condition precedent which it was necessary to plead and prove in order to maintain the action.

In *Howe v. Whitman County,* 120 Wash. 247, 206 Pac. 968, 212 Pac. 164, it is said:

"We have held that the presentation and filing of a claim required by law is a condition precedent which must be pleaded and proven in order to maintain an action. *Lenhart v. Hoquiam,* 86 Wash. 168, 149 Pac. 650; *Haynes v. Seattle,* 83 Wash. 51, 145 Pac. 73, 10 N. C. C. A. 450; *Collins v. Spokane,* 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840."

The exhibiting of the claim to the trial court and taking a ruling thereon when an objection was made was not making proof of the claim. The burden was on the plaintiff, and not on the defendant, to offer the claim in evidence. Without the claim being in evidence, there is a defect in the proof and a complaint which does not state a cause of action. I therefore dissent.

MITCHELL, C. J., concurs with MAIN, J.

418

## ON REHEARING.

[*En Banc.* February 6, 1931.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein, and the judgment is therefore affirmed.