JOHN C. SLATTERY *et al., Respondents,* v. THE CITY OF
SEATTLE, *Appellant.*[1]

[1]Reported in 13 P. (2d) 464.

*A. C. Van Soelen, E. I. Jones,* and *John A. Logan,* for appellant.

*Padden & Moriarty,* for respondents.

STEINERT, J.—The plaintiffs, husband and wife, brought this action to recover damages for personal injuries sustained by the wife in a fall upon a sidewalk in the city of Seattle. The jury returned a verdict for $1,535, upon which judgment was entered. The defendant city has appealed.

On the evening of December 24, 1930, at about 9:00 o'clock respondent Annie Slattery was returning home from church in company with two ladies. While walking along east Alder street, between Broadway and Tenth avenue, Mrs. Slattery tripped and fell over a wire fence which had fallen over upon the sidewalk. The evidence in support of respondents' case was, in substance, as follows: The night was dark and misty, and objects upon the sidewalk could be seen only with difficulty, if at all. There were no lights near the place where the accident occurred. The fence, composed of stakes and chicken wire, had been built above a small bulkhead running parallel with the sidewalk, but in the course of time the stakes had become loosened, thereby permitting the fence to sag and finally to fall upon the pavement, where it had lain for a month or more prior to the accident. Mrs. Slattery had not traveled along that portion of the street for over a year prior to the occurrence and knew nothing about the condition of the fence or sidewalk.

Appellant's evidence was to the effect that the fence had not fallen upon the sidewalk but was upright on the day in question and had been so for a long time prior thereto. The condition of the fence and sidewalk was, of course, a vital issue, not only as bearing

upon the proximate cause of the accident, but also upon the question of constructive notice to the city.

■ Appellant's first assignment of error is upon the court's refusal to grant its motion for a directed verdict. The contention is that there was no credible evidence to establish notice to the city, either actual or constructive, regarding the condition of the sidewalk. We do not agree with this contention so far as constructive notice is concerned. The husband testified that the fence had lain upon the sidewalk for over a month. While the jury was not bound to believe his testimony, he being an interested witness, yet they were privileged so to do. He was, moreover, corroborated by a witness who testified that the same condition had existed since the preceding Thanksgiving. Another witness testified that the fence was lying on the sidewalk on the morning after the accident. The evidence thus made that issue a question for the jury.

■ The second assignment of error is upon the giving of the court's instruction number 17, as follows:

"You are instructed that, in determining whether the city exercised reasonable care in keeping the sidewalk in question reasonably safe for travel, it was the duty of the city to take into consideration the fact that such sidewalk might lawfully be used at night and at times when the atmospheric conditions were such as might impede the vision of persons walking along said sidewalk, and the care of the city over its sidewalks must at all times be reasonably commensurate with such conditions as might reasonably be expected to exist."

Appellant contends that this instruction was a comment on the evidence, and that it also imposed a greater care upon the city at certain times than at others, whereas its duty, as it contends, was at all times one of reasonable care.

When exception was taken to this instruction, no

suggestion was made that it was a comment on the evidence. Under Rule of Practice VI, Rem. 1927 Sup., § 308-6, an exception must be sufficiently specific to apprise the judge of the point of law in dispute. *Davis v. North Coast Transportation Co.,* 160 Wash. 576, 581, 295 Pac. 921. Appellant's exception was insufficient to raise this point.

As to the degree of care which a municipality must exercise in keeping its streets safe for ordinary travel, the rule undoubtedly is that it must be reasonable care. This is the constant standard. While the *amount* of care may vary under different circumstances, the *degree* of care remains the same at all times. *Ferguson v. Yakima,* 139 Wash. 216, 246 Pac. 287, 48 A. L. R. 431; *Gabrielson v. Seattle,* 150 Wash. 157, 272 Pac. 723, 63 A. L. R. 200; 7 McQuillan on Municipal Corporations (2d ed.), § 2911.

It is plain from the quoted instruction, as well as from several other instructions given to the jury, that the court attempted to, and did, announce the correct rule.

Appellant relies on the case of *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482, as sustaining its contention in this respect. The opinion in that case condemned a portion of an instruction which imposed a higher *degree* of care upon the city under varying conditions of traffic. The court in announcing the rule relative to the care required, said on page 414:

"What would be reasonable care under one set of facts might not be reasonable care under another set of facts, but the difference would not be in the degree of care to be used but rather in the amount of care."

The instruction as given by the court in this case did not violate, but followed, the correct rule, as we have stated it.

The next assignment of error is based upon the

alleged misconduct of counsel for respondent in his final argument to the jury, which appellant now insists entitled it to a new trial. In his closing argument counsel for respondent, conceiving that appellant's counsel had made capital of certain protestations of friendship by an opposing witness towards the respondent, in the presence of the jury, sought to criticize her conduct and also to reprehend the conduct of other witnesses while waiting outside the court room. In doing this, some extravagance of speech, accompanied by ironical metaphor, was indulged in by him. Upon objection, the court promptly instructed the jury to disregard his statements. Respondents' counsel, evidently seeking an easy retreat, concluded the matter by saying "I will leave it to you to decide." Appellant now vigorously insists that the incident was so palpable, and the language and manner employed by counsel so inflammatory, as to arouse passion, promote resentment and create prejudice on the part of the jury, and that, owing to the gross misconduct of counsel, a fair trial was denied the appellant.

It is difficult to formulate a strict rule that will distinctly mark the boundaries beyond which counsel may not go in addressing the jury. As one court said,

"There are no hard-and-fast limitations within which the argument of earnest counsel must be confined, no well-defined bounds beyond which the eloquence of advocates shall not soar." *Schrader v. State,* 84 Miss. 593, 36 South. 385.

The criterion always is, has such a feeling of prejudice been engendered or located in the minds of the jury as to prevent a litigant from having a fair trial? If the appellate court can see, or say, from the record, that there has been, it will not hesitate to correct the abuse and protect the injured party. On the other hand, courts recognize the fact that counsel, in the heat

of argument, especially where the evidence comes into strong conflict, sometimes indulge in extravagant expression, or diverge from the record. But unless the infringement be flagrant, persistent and ill-intentioned, or its wrong obvious and its evil results reasonably certain, the abuse or irregularity may be sufficiently cured by an instruction, an admonition or even a rebuke from the court. Offending counsel may thus come to see that a liberty unwisely or thoughtlessly taken, instead of conferring the cloth of advantage, may prove to be only a "hole in the coat." Justice Gose has well expressed the responsibility of the trial lawyer in the following language:

"It is the duty of the trial lawyer to be zealous in the advocacy of his client's cause. The common opinion of all mankind has fixed this as the measure of his professional responsibility. In the discharge of this duty a reasonable latitude must be allowed him. It is true that there is a border line beyond which he cannot transgress. It is often difficult to define and establish this boundary, and it is therefore only in clear cases of abuse of this privilege that the courts will reverse a case on account of misconduct of counsel. Counsel are but the representatives of the parties to the action. The lawyer speaks for his client, and the jury, in recognition of this fact, presumably treats his argument from this viewpoint. Indeed, experience and observation teach that fairness of counsel in the presentation of a cause is usually more persuasive with the jury than is an effort to secure a verdict by means of intemperate speech." *Rangenier v. Seattle Electric Co.,* 52 Wash. 401, 100 Pac. 842.

The record in this case does not disclose a situation where we can say that the impropriety, if it be considered such, was not fully remedied by the action of the court. It was but a single incident, not a persistent repetition, and we cannot say that it was flagrant or ill-intentioned. The jury, as people of common sense,

could hardly have been prejudiced thereby, and whatever effect it might otherwise have had was undoubtedly counteracted by the court's disposition of it.

Appellant's final assignment of error is founded upon the claim of excessiveness in the amount of the verdict. The evidence shows that the respondent, who is a seamstress, was confined to her home for eighteen days following the accident, as a result of her injuries; that not until four weeks later could she walk with comfort, and that, at the time of the trial nine months later, her injured leg had regained only twenty-five per cent of its normal use. Her physician testified that, in all probability, she would never regain more than seventy-five per cent of the use of her leg, and that it would probably be a year before she improved even to that extent. The respondent also sustained injuries to her back, and one of her fingers was still stiff at the time of the trial. Under the evidence which the jury had a right to consider it cannot be said that the verdict was excessive or that it indicated passion and prejudice in its award.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and HERMAN, JJ., concur.