[No. 212-3.   Division Three.   April 30, 1971.]

TEX BROTHERTON, INC., *Appellant,* v. LESTER T. LAMMERS *et al., Respondents.*

*Herbert H. Freise* (of *Freise & Jones*), for appellant.

*James B. Mitchell* (of *Reese & Mitchell*), for respondents.

Evans, J.—The plaintiff, Tex Brotherton, Inc., operates an automobile dealership in Walla Walla, Washington. As an incidental part of its automobile business it also sold Dodge motor homes.

Defendants Lammers, doing business as Lammers Truck Service, operate a Chevron service station, auto repair shop, and also sell propane. On August 12, 1967 plaintiff's serviceman drove a Dodge motor home to the Lammers Truck Service where the propane tanks were filled. The motor home was then returned to plaintiff's place of business. Later the same day, Tex Brotherton, owner of plaintiff corporation, and his Dodge sales manager, Mr. Sandberg, attempted to start the propane-operated refrigerator in the motor home but were unsuccessful. Mr. Sandberg returned the motor home to defendants' truck service station and told Berle Parsons, defendants' mechanic, of his problem with the refrigerator. Parsons had no prior experience with Dodge motor homes and told Sandberg he knew nothing about the operation of appliances in motor homes but would check the propane tanks. He then proceeded to open a valve on one of the two propane tanks located in a compartment on the side and near the rear of the motor home, thus allowing propane to escape. The released propane immediately expanded into gas, which was drawn into

an adjoining compartment housing a 4-cylinder gasoline engine which operated the air-conditioning unit. It is agreed by both parties the auxiliary motor was running at the time and that either sparks emitted by the electrical system of the engine or heat from the engine set fire to the propane. The fire fed back to the source of propane at the open valve and this valve acted as a torch, setting fire to and destroying the Dodge motor home.

Plaintiff alleged that defendants' employee, Parsons, was negligent in allowing the valve of the propane tank to remain open for a longer period of time than was necessary. Defendants denied negligence and affirmatively alleged that plaintiff's employee, Sandberg, was contributorially negligent in leaving the auxiliary motor operating while the propane tanks were being checked. Defendants also commenced a third-party action against Travco Corporation, manufacturers of the Dodge motor home, alleging defective design and failure to give adequate warning. At the conclusion of all testimony Travco was dismissed from the action and is not a party to this appeal. The record does not reveal the reason for dismissal of Travco.

The trial was to a jury, which returned a verdict for defendants Lammers.

Under the issues as presented to the jury the verdict for defendants indicated the jury found either (1) defendant was not negligent; or, as we consider more likely, (2) defendants were guilty of negligence and plaintiff was also guilty of contributory negligence.

■ Plaintiff first assigns error to the refusal of the trial court to grant plaintiff's motion for a directed verdict at the conclusion of all testimony. This motion must be tested in light of the following legal principles most recently enunciated in *Moyer v. Clark,* 75 Wn.2d 800, 803, 454 P.2d 374 (1969) as follows:

[A] motion for a directed verdict, . . . admits, for the purpose of ruling on the motion, the truth of the nonmoving party's evidence and all reasonable inferences drawn therefrom. The motion requires that all evidence be interpreted in the light most favorable to the party

against whom the motion is made and most strongly against the moving party. *Hellriegel v. Tholl,* 69 Wn.2d 97, 417 P.2d 362 (1966); *Lockett v. Goodill,* 71 Wn.2d 654, 430 P.2d 589 (1967); *Smith v. B & I Sales Co.,* 74 Wn.2d 151, 443 P.2d 819 (1968). No element of discretion is vested in the trial court in ruling upon the motion. If there are justifiable inferences from the evidence upon which reasonable minds might reach conclusions that would sustain a verdict, then the question is for the jury, not for the court. The motion may be granted only if it can properly be said as a matter of law that there is no evidence or reasonable inference therefrom to sustain a verdict for the nonmoving party. *Miller v. Payless Drug Stores of Wash., Inc.,* 61 Wn.2d 651, 379 P.2d 932 (1963).

In considering the evidence of defendants' negligence and plaintiff's contributory negligence in light of the above principles, we do not consider it necessary to detail all of the testimony. Suffice it to say there is evidence that defendants' employee Parsons, knowing that liquified propane when released into the air immediately becomes highly flammable gas and knowing that an operating gasoline motor emits sparks from its electrical system and creates extreme heat in its exhaust system, either of which can ignite propane gas, nevertheless permitted liquified propane to be released from the tanks for a longer period of time than was necessary to determine whether the tanks were full. On the other hand there is evidence that Parsons, who had no prior experience with Dodge motor homes and was wholly unfamiliar with appliances in any type of motor home, and so informed Sandberg, did not know the auxiliary motor which operated the air-conditioning unit was an unsealed gasoline motor with a cooling fan, which drew air through an opening located in close proximity to the compartment containing the propane tanks. In other words, what was testified to by one of the experts as a defective design in the motor home was not apparent to and was unknown to defendants' employee.

▮ As to the evidence of contributory negligence of plaintiff, the facts are unique in that while plaintiff was a customer of defendants, it was also a dealer in and sold the

very product it was having serviced. There was evidence from which the jury could find that plaintiff's employee Sandberg, as a salesman of the Dodge motor home, knew, or in the exercise of reasonable care should have known, the same material design features of the motor home which were unknown to defendants' employee.

There was also evidence from which the jury could find that defendants' employee also knew, or in the exercise of reasonable care should have known, that an operating gasoline motor emits sparks from the electrical system and also creates extreme heat in the exhaust system, either of which can ignite propane gas.

As stated in *Gordon v. Deer Park School Dist. 414*, 71 Wn.2d 119, 122, 426 P.2d 824 (1967):

> In order to hold that negligence has been proven by a plaintiff as a matter of law, the court must find that there is neither evidence nor reasonable inference therefrom to support a verdict for a defendant. *Miller v. Payless Drug Stores of Wash., Inc.*, 61 Wn.2d 651, 379 P.2d 932 (1963). (8) The evidence must be viewed by the court in the light most favorable to the nonmoving party. *Bunnell v. Barr*, 68 Wn.2d 771, 415 P.2d 640 (1966). (9) In passing upon the sufficiency of the evidence to establish negligence or the lack of it, the court cannot weigh the evidence and thereby resolve disputed issues of fact. *Lambert v. Smith*, 54 Wn.2d 348, 340 P.2d 774 (1959).

Also, as stated by the court in *Bauman v. Complita*, 66 Wn.2d 496, 497, 403 P.2d 347 (1965):

> The issue of contributory negligence is generally one for the jury to determine from all the facts and circumstances of the particular case. It is only in rare cases that the court is justified in withdrawing the issue of contributory negligence from the jury. [Citing cases.]
>
> Restatement, Torts § 463 (1934), points out in comment *b* that a reasonably prudent man is one who "pays reasonable regard to his own safety."

As Judge Steinert said in *Chadwick v. Ek*, 1 Wn.2d 117, 129, 95 P.2d 398 (1939),

> The doctrine of contributory negligence rests upon the principle that a person is never absolved from exer-

cising reasonable and ordinary care for his own safety and cannot thrust all responsibility upon others.

Before the trial court can take the issue of contributory negligence from the jury and hold, as a matter of law, that there was none, the evidence must be such that all reasonable minds would agree that the plaintiff had exercised the care which a reasonably prudent man would have exercised for his own safety under the circumstances. [Citing cases.]

We hold the trial court was correct in determining that reasonable minds could differ on the question of the negligence of defendants and the contributory negligence of plaintiff.

Plaintiff next assigns error to the refusal of the trial court to give its proposed instructions 1, 2 and 3. Each of these instructions would require the trial judge to characterize propane as "a dangerous agency", or of a "harmful nature", or "a dangerous thing", and proposed instruction 1 would require a higher degree of care in its handling "than in the ordinary affairs of life or business which involve little or no risk". We find no merit to this contention.

█ Proposed instruction 1 was misleading since it sought to instruct the jury that a *"higher degree of care"* was required in the handling of propane gas than in ordinary affairs of life or business.

The standard of diligence set up by the court for the guidance of the jury must be the legal standard. The employment of such terms as "greater degree of care," "higher degree of care," "highest degree of care," or other like expressions in instructions as indicating the amount of care exacted by the law under special conditions and circumstances, is misleading. Such an instruction is erroneous.

*Hubbard v. Embassy Theatre Corp.*, 196 Wash. 155, 157, 82 P.2d 153 (1938). The rationale of *Hubbard* was further explained in *Ulve v. Raymond*, 51 Wn.2d 241, 245-46, 317 P.2d 908 (1957):

Of course, what would be reasonable or ordinary care under one set of facts might not be reasonable or ordinary care under another set of facts. The difference

would not be the degree of care used, *but rather the amount of care. Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157, 58 A.L.R. 1482 (1926). As the danger becomes greater, the actor is required to exercise caution commensurate with it. It is self-evident and inherent from the experience of everyone, that the *amount* of care that must be exercised is dependent upon the facts of the situation; but the *degree* of care does not change. "The standard of care is the same. The test is the same." *Ewer v. Johnson, supra.* [44 Wn.2d 746, 270 P.2d 813 (1954).]

Professor Prosser illustrates it thus:

"It is sometimes said that a blind man must use a greater degree of care than one who can see, but this means nothing more than that he must take the precautions the ordinary reasonable man would take *if he were blind.*" Prosser, Law of Torts (2d ed.) 126. (Italics ours.) In short, the amount of care exercised must be commensurate with the circumstances.

If the trial judge is compelled, by the circumstances of the case before him, to instruct upon the *amount* of care which must be exercised under the circumstances, the path appears to be both narrow and ill-defined. On the one hand is the pitfall of commenting on the evidence; on the other, of emasculating the rule.

The jury was adequately instructed on the standard of care required by the defendant in this case by instruction 9:

Negligence is the failure to exercise ordinary care. It is the doing of some act which a reasonably careful person would not do under the same or similar circumstances or the failure to do something which a reasonably careful person would have done under the same or similar circumstances.

Plaintiff's proposed instruction 1 was properly refused by the trial court. Plaintiff could and did utilize instruction 9 to argue his theory of the case that the defendants' employee failed to exercise that degree of care which a reasonably careful person would exercise under the same or similar circumstances.

▪ Plaintiff's proposed instructions 2 and 3 described gas as having "a dangerous nature" or "harmful nature." The dangerous characteristics of propane, when not

properly handled, were fully explored by experts testifying for both parties, but nowhere in the record have we been able to find any testimony that the propane is a dangerous product as such. The jury was fully informed by the experts as to the characteristics of propane under varying circumstances. The instructions as given established the standard of care as being one exercised by a reasonably careful person under the same or similar circumstances. The evidence clearly revealed the circumstances of the present case viewed in the light of the characteristics of propane under those circumstances, and as already noted, the instructions as given permitted plaintiff's counsel to fully argue his theory of the case. Where instructions taken as a whole may serve as a basis for counsel to argue his theory of the case to the jury they are sufficient. *Hartman v. Port of Seattle*, 63 Wn.2d 879, 389 P.2d 669 (1964). Failure to give plaintiff's proposed instructions 2 and 3 was not error.

■ Plaintiff next assigns error to the trial court's failure to give plaintiff's proposed instruction 4. It reads as follows:

> One assumes certain duties towards another invited to his place of business and, if he negligently permits a danger of any kind to exist which results in damage to the property of the person invited, without negligence on the latter's part, he is answerable for the consequences.

This instruction, if given by the court, would constitute an improper comment on the evidence. It assumes defendants' employee knew or should have known of the danger which existed by reason of the fact the auxiliary gasoline motor was drawing air over the motor from an opening in close proximity to the propane tanks. These are facts which the jury could find were unknown to defendants' employee. We find no error in the refusal of the trial court to give plaintiff's proposed instruction 4.

Finally, defendants assign error to the trial court's failure to give plaintiff's proposed instruction 5. We find no merit to this contention. The theory of the case expressed in

proposed instruction 5 was adequately covered by instruction 13 given by the trial court.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.