[No. 3954–1. Division One. April 18, 1977.]

JOHN C. GRIFFIN, *Appellant,* v. ILEEN M. GEHRET, ET AL, *Respondents.*

*Rutherford, Kargianis & Austin* and *Samuel C. Rutherford,* for appellant.

*Murray, Dunham & Waitt* and *Wayne Murray,* for respondents.

PER CURIAM.—The plaintiff recovered a judgment for the death of his minor son. It was against the administratrix and marital community of the driver of the car in which the minor decedent was riding at the time of the fatal accident. Both the driver and the plaintiff's minor son died as a result of injuries sustained in that accident.

The award was reduced 50 percent based on the jury's determination that the 15–year–old decedent was 50 percent negligent and that such negligence was a proximate cause of the accident.

Plaintiff appeals, and his assignments of error raise issues as to whether the trial court erred (1) in ruling that there was sufficient evidence to justify submitting the issue of contributory negligence by the plaintiff's minor decedent to the jury, and (2) in not ruling that, as a matter of law, any

negligence of the minor decedent could not be imputed to the plaintiff parent.

We conclude that the trial court did not err. Our reasons are as follows.

■ The rule to be applied in determining whether or not there is sufficient evidence of contributory negligence to submit that issue to the jury is that

> in determining whether or not the evidence presented . . . is sufficient to establish a prima facie case of negligence, our task is only to determine whether the evidence when viewed most favorably toward the nonmoving party . . . allows room for men of reasonable minds to conclude that there is a greater probability that the accident happened in such a way that the trier of fact could determine the respondent to be negligent than there is that it did not so happen. *Hernandez v. Western Farmers Ass'n,* [76 Wn.2d 422, 456 P.2d 1020 (1969)]; *Mason v. Turner,* 48 Wn.2d 145, 291 P.2d 1023 (1956); *Martin v. Insurance Co. of North America,* 1 Wn. App. 218, 223, 460 P.2d 682 (1969).

Or, as stated in *Gardner* [*Gardner v. Seymour,* 27 Wn.2d 802, 808, 180 P.2d 564 (1947)]:

> The test to be applied here is whether the jury could have determined that the appellants were liable *as a reasonable inference from the evidence,* or whether the verdict rests on conjecture.

(Italics ours.) *Stevens v. State,* 4 Wn. App. 814, 817–18, 484 P.2d 467 (1971).

The driver of the truck with which the death car collided testified at the trial. He said that just before the collision he was able to see from his cab into the interior of the approaching car momentarily before the collision. Considering his further testimony in the light most favorable toward the defendant, as we must, the jury could reasonably infer from it that the minor decedent had reached over from his position in the back seat and was grappling or fighting over the wheel with the driver just before the collision. If believed, such conduct by the minor could constitute contributory negligence, RCW 46.61.615, and the jury was so instructed.

The plaintiff argues, however, that the driver's testimony was so confused on this point that we should not give it any credence. In passing on the sufficiency of the evidence to establish whether or not the minor decedent was contributorially negligent, an appellate court cannot weigh the evidence but must let the trier of the fact resolve that issue. *Gordon v. Deer Park School Dist. 414,* 71 Wn.2d 119, 122, 426 P.2d 824 (1967); *Tex Brotherton, Inc. v. Lammers,* 4 Wn. App. 886, 890, 484 P.2d 934 (1971).

Plaintiff presents an engaging argument to the effect that the language of RCW 4.24.010 giving a cause of action to the parent thereby grants the parent a right to recover without reference to any wrongful conduct on the part of the parent's minor decedent;[1] and that the language of the comparative negligence statute, RCW 4.22.010, permits damages to be diminished based only on the negligence of the actual party recovering,[2] and in this case the parent was guilty of no negligence and therefore should be entitled to recover 100 percent.

With regard to plaintiff's argument based on the language of RCW 4.24.010 creating the parents' cause of action, the well–settled law of this state is to the contrary. *Upchurch v. Hubbard,* 29 Wn.2d 559, 188 P.2d 82 (1947) is directly in point. In *Upchurch,* the parents brought an action to recover damages for the death of their minor son. The Supreme Court there held with reference to the parents' right to recover and the minor child's negligence as follows:

> The authority for the commencement and maintenance of this action by the parents of their deceased minor

---

[1] "The mother or father or both may maintain an action as plaintiff for the injury or death of a minor child, . . ." RCW 4.24.010.

[2] "Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages caused by negligence resulting in death or in injury to person or property, but any damages allowed shall be diminished in proportion to the percentage of negligence attributable to the party recovering." RCW 4.22.010.

child is found in Rem. Rev. Stat., § 184 [P.P.C. § 3–23], which provides:

"A father, or in case of his death or desertion of his family, the mother may maintain an action as plaintiff for the injury or death of a minor child. . . ."

This section of the statute and §§ 183, 183–1 [P.P.C. §§ 3–13, 3–15], all relating to actions for wrongful death, are patterned upon Lord Campbell's Act (9–10 Victoria (1846), chapter 93) although differing in certain respects from the provisions of the English act.

As stated in *Hedrick v. Ilwaco R. & Nav. Co.*, 4 Wash. 400, 30 Pac. 714,

"The object and purpose of these statutes is to provide a remedy whereby the family or relatives of the deceased, who might naturally have expected maintenance or assistance from the deceased, had he lived, may recover compensation from the wrongdoer commensurate with the loss sustained."

By the great weight of authority, such statutes are not "survival statutes," but create a new cause or right of action. 16 Am. Jur. 48, Death, § 61; 25 C.J.S. 1077, Death, § 15. This court has adopted that principle. *Brodie v. Washington Water Power Co.*, 92 Wash. 574, 159 Pac. 791; *Crevelli v. Chicago, Milwaukee & St. P. R. Co.*, 98 Wash. 42, 167 Pac. 66, 66 L. R. A. 1918A, 206; *Grant v. Fisher Flouring Mills Co.*, 181 Wash. 576, 44 P. (2d) 193; *Ryan v. Poole*, 182 Wash. 532, 47 P. (2d) 981; *Maciejczak v. Bartell*, 187 Wash. 113, 60 P. (2d) 31.

*A limitation upon such independently created right, recognized by this court and elsewhere generally, is that the wrongful act or default must be of such character as would have entitled the injured person to maintain an action and recover damages, had not death ensued; stated conversely, if the deceased never had a cause of action, no right of action accrues under the wrongful death statute. 16 Am. Jur. 61, Death, § 82; Ryan v. Poole, supra.*

In the *Ryan* case, *supra,* we said:

"It is the general rule, under the wrongful death statutes of the various states, and it is the holding of this court, that such a statute creates a new cause of action and is not a survival statute, and that the measure of damages which the heirs or personal representatives could recover is different from that which the person

killed could have recovered had he survived the injury and brought an action for damages. It is also generally held, and the decisions of this court are to the same effect, that, if a deceased could not have recovered damages for his injury had he survived, his heirs or personal representatives cannot recover, because their right of recovery is dependent upon the right which the deceased would have had had he survived. If the deceased had no cause of action, none accrues to his heirs or personal representatives."

The decision of the present case thus depends upon the solution of the question whether the minor, Eldon Richard Upchurch, had he survived, would have been entitled to maintain an action and recover damages for the injuries sustained by him.

(Italics ours.) *Upchurch v. Hubbard, supra* at 563–64. Such rule has been well established in this state since *Ostheller v. Spokane & Inland Empire R.R.,* 107 Wash. 678, 680, 182 P. 630 (1919).

It is an almost universal rule. As declared in Restatement (Second) of Torts § 494, at 554 (1965):

Negligence of Person for Whose Death or Loss of Services Action is Brought
The plaintiff is barred from recovery for an invasion of his legally protected interest in the health or life of a third person which results from the harm or death of such third person, if the negligence of such third person would have barred his own recovery.

*Accord,* W. Prosser, *Handbook of the Law of Torts* § 127, at 910 (4th ed. 1971); 1 S. Speiser, *Recovery for Wrongful Death* 575 (2d ed. 1975); Annot., 42 A.L.R. 717 (1926); 58 Am. Jur. 2d *Negligence* § 462, at 23–24 (1971); 67 C.J.S. *Parent and Child* § 47, at 752 (1950); 2 F. Harper & F. James, *The Law of Torts* § 24.4 (1956).

Similarly, plaintiff's argument based on the language of the comparative negligence statute, RCW 4.22.010 (see footnote 2) is not well taken.

Plaintiff underscores the language of the comparative negligence statute wherein it provides that damages shall be diminished in proportion to the negligence attributable

to "the party recovering" and would have us hold that since the parent is that party in this case, and is not negligent, then the minor's negligence cannot be imputed to the parent at all. Each part or section of a statute, however, must be construed in connection with every other part or section so as to produce a harmonious whole. 2A C. Sands, *Sutherland Statutes and Statutory Construction* § 46.05, at 56 (4th ed. 1973); *Markham Advertising Co. v. State,* 73 Wn.2d 405, 419, 439 P.2d 248 (1968). Further, in applying and interpreting a statute, the courts will endeavor to give effect to the intention of the legislature. *Riggins v. Housing Authority,* 87 Wn.2d 97, 99, 549 P.2d 480 (1976). We must therefore consider the preceding language in the statute and its intent which is to remove the previously existing bar to the recovery by "any person or his legal representative" to recover damages.

This is discussed in V. Schwartz, *Comparative Negligence* § 13.3 (1974) as follows:

Comparison of decedent's negligence

The overwhelming majority of states have indicated that the contributory negligence of a deceased that would be sufficient to bar his own action will bar a claim for his wrongful death. The wrongful death action has been treated as derivative because most statutes contain the language of Lord Campbell's Act which conditioned liability upon conduct that "would, if death had not ensued, have entitled the party to maintain an action and recover damages . . . therefor." Further, this requirement has been read into most wrongful death statutes by implication even where it is not expressly set out.

Some commentators have argued that the wrongful death statute should be reinterpreted as creating a separate and independent cause of action for the designated beneficiaries and that decedent's contributory negligence should be ignored. However, it is unlikely that enactment of comparative negligence will cause courts to undertake this change. This has been borne out by decisions in Arkansas, Georgia, Mississippi, Nebraska, South Dakota, and Wisconsin. It seems highly likely that other comparative negligence states will follow these decisions unless

the language of either the comparative negligence statute or the wrongful death statute is to the contrary.

It should be noted that a plaintiff beneficiary obtains the basic benefit that comparative negligence provides. His decedent's negligence does not necessarily bar the claim; rather, he may recover an award reduced to allow for decedent's contributory negligence.

(Footnotes omitted.)

If this court were to hold as the plaintiff requests, the parents of a 17–year–old minor decedent who was 99 percent negligent would be entitled to recover 100 percent from a 17–year–old tort–feasor who was only 1 percent negligent. That is not in accord with the legislative intent as we understand it, nor with the import of the statute as a whole.

Existing law already provides for situations in which very young minor decedents are concerned. A child under 6 years of age is incapable of being contributorially negligent and, past that, the trier of the fact makes such determination based on the child's age, experience, maturity, capacity, education and training. *Graving v. Dorn,* 63 Wn.2d 236, 238, 386 P.2d 621 (1963).

We conclude that RCW 4.22.010, the comparative negligence statute, when read as a whole and in accord with the intention of the legislature, authorizes a parent to recover an award reduced to allow for the minor decedent's contributory negligence, if any. *See J. Paul Smith Co. v. Tipton,* 237 Ark. 486, 374 S.W.2d 176 (1964); V. Schwartz, *Comparative Negligence* § 13.3 (1974). *See also Haber v. County of Nassau,* 418 F. Supp. 1120 (E.D.N.Y. 1976).

The trial court did not err in the complained–of rulings.

Affirmed.