[No. 26774.   Department One.   January 3, 1938.]

JOHN W. THROCKMORTON, *Respondent*, v. THE CITY OF PORT ANGELES, *Appellant*.[1]

*Roberts & Skeel* and *W. R. McKelvy*, for appellant.
*Trumbull, Severyns & Trumbull*, for respondent.

MAIN, J.—This action was brought by a parent to recover damages for the death of a minor son which, it is alleged, resulted from the negligence of the defendant. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $2,680. The defendant moved for a judgment notwithstanding the verdict and, in the alternative, for a new trial. Both of these motions being overruled, judgment was entered upon the verdict, from which the defendant, the city of Port Angeles, appealed.

The accident which gave rise to this case happened July 18, 1936, at about 4:30 o'clock p. m., near the inter-

[1]Reported in 74 P. (2d) 890.

section of Valley street and First street, in the city of Port Angeles. Valley street extends north and south, and First street east and west. First street west of the intersection has been vacated, and there has been constructed in its place a street which is called Marine drive, which extends southwesterly from the intersection. To enter Marine drive from the intersection, it is necessary to make a turn or curve to the left. First street is paved coming from the east up to the east line of the intersection. From there on, the intersection and Marine drive are what are called graveled roadways. In order to keep down the dust, a preparation had been spread upon the graveled roadways which had a tendency to make the surface hard.

The traffic across this intersection was heavy, it being the main thoroughfare over which vehicles traveled going from the business section of the city to the industrial section, and at times trucks loaded with logs passed over it. Most of the streets in the city are graveled, there being but two paved streets. The intersection mentioned had gotten into a condition where there were holes in places over it from two to five inches in depth, and there was a drop or bump from the pavement on the east to the graveled portion of the intersection. The condition of this intersection was not materially different from that which existed at other busy intersections of the city, though it may have been somewhat worse.

A fire truck owned and operated by the city approached from the east over First street, going in response to a call to extinguish a brush fire. The truck was traveling at a speed variously estimated from twenty-five to thirty-five or forty miles per hour. The driver thereof says that he was proceeding at between thirty and thirty-five miles "practically all the way down." After the truck entered the intersection, the

driver lost control of it, and, instead of making the turn or bend to the left, it proceeded in practically a straight course to the west, left the roadway, and struck a boy, about thirteen years of age, who was standing upon the sidewalk on the northerly side of Marine drive, from which death resulted soon afterwards. It is for this death that the action was brought, as above indicated, and the claim is that the city was guilty of negligence in permitting the intersection of Valley street with First street to remain in the condition which it was.

There is no claim that the city would be liable for any active negligence on the part of the driver of the fire truck, if there was such negligence, a question which it is not necessary here to discuss or decide.

Whether the city was negligent depends upon whether it had exercised reasonable care to maintain the street in such a condition that it was fit for ordinary travel. A city must exercise reasonable diligence in keeping its streets safe for ordinary travel, and is liable for injuries arising from unusual conditions causing them to be unsafe. As to the degree of care, the rule is that it must be reasonable care. The amount of care may vary under different circumstances. Each case must depend largely upon its own facts. *Ferguson v. Yakima,* 139 Wash. 216, 246 Pac. 287, 48 A. L. R. 431; *Gabrielsen v. Seattle,* 150 Wash. 157, 272 Pac. 723, 63 A. L. R. 200; *Slattery v. Seattle,* 169 Wash. 144, 13 P. (2d) 464.

Without so deciding, it will be assumed that the use of a street by a fire truck comes within the designation of ordinary travel. The evidence in this case shows, without dispute, that the city authorities from time to time went over the graveled streets here involved, and other streets and intersections from time to time, with a grader, for the purpose of smoothing the graveled

surface and filling whatever chuck holes there may have been therein.

This intersection received the same consideration as other intersections where the travel was heavy. A grader had been put over Marine drive and the intersection thereof with First street on July 5, 11 and 13. Just prior to each of those dates, there had been a light rainfall. Going over the graveled roadway when it was dry and filling the holes with dry gravel was of little consequence, because vehicles passing over afterwards would throw the gravel out of the holes and the street would soon be in the same condition as it was before. This is especially true at the intersection of Valley street and First street, where it is necessary to make a curve.

The respondent, in his brief, states:

"The basis of the respondent's cause of action is that the city was negligent in failing to so maintain the street that such rough condition would not occur."

There is no evidence as to what the city could have done to prevent the holes getting into the graveled surface of the roadway other than what it did.

The sole question is whether the city authorities exercised reasonable care to maintain the intersection of Valley street and First street for ordinary travel. The condition of this intersection cannot be said to be unusual for a heavily traveled gravel street.

Cases where there has been a particular defect or obstruction upon a highway or sidewalk which renders the same unsafe for ordinary travel and which could be remedied by the exercise of reasonable care, are not applicable to the facts in the present case.

As we view the record, there is no evidence from which the jury were justified in finding or inferring that the city authorities had not used reasonable care to maintain the intersection of Valley street and First

street in a safe condition for ordinary travel. It follows, from what has been said, that a cause of action against the city was not made out.

The judgment will be reversed, and the cause remanded with direction to dismiss the action.

STEINERT, C. J., HOLCOMB, GERAGHTY, and SIMPSON, JJ., concur.