[No. 31145.   Department One.   October 14, 1949.]

JUNE M. BULETTE, *as Administratrix, Appellant,* v. THE CITY OF BREMERTON, *Respondent.*[1]

[1]Reported in 210 P. (2d) 408.

*Ralph Purvis* and *James B. Sanchez*, for appellant.

*Bryan & Merkel* and *Oluf Johnsen*, for respondent.

GRADY, J.—This action was instituted by June M. Bulette, administratrix of the estate of James W. Bulette, deceased, against the city of Bremerton to recover damages arising out of the death of her husband, caused by the alleged negligence of the city in its failure to maintain one of its streets in a reasonably safe condition for ordinary travel. The city denied it was negligent and contended the injuries sustained by the deceased were the result of contributory negligence on his part in the manner in which he propelled the motor scooter upon which he was riding, with knowledge of the condition of the street.

The case was tried before a jury, and a verdict was returned in favor of plaintiff. The defendant moved the court for a judgment notwithstanding the verdict of the jury and, in the alternative, for a new trial. The court entered a general order granting the former and denying the latter. The plaintiff has appealed.

The proper function of this court in reviewing an order of a trial court granting a motion for a judgment notwithstanding the verdict of a jury has been stated many times. Our latest, and one of our best, statements of ap-

plicable rules is in *Smith v. Leber, ante* p. 611, 209 P. (2d) 297, in which we said:

"The rule is well established in this jurisdiction that a motion for judgment notwithstanding the verdict admits the truth of the evidence of the party against whom the motion is made and all inferences reasonably to be drawn thereform, and requires that the evidence be interpreted most strongly against the moving party and in the light most favorable to the opposing party. [Citing cases.]

"It is equally well settled that, in a judicial ruling upon such a motion, no element of discretion is involved, and the motion can be granted only when it can be held as a matter of law that there is no evidence nor reasonable inference therefrom to sustain a verdict for the party against whom the motion is made. [Citing cases.]

"A cognate rule, also expressed and followed by this court, is that a motion for judgment notwithstanding the verdict, interposed by the defendant in an action, is to be considered solely in the light of the plaintiff's evidence. [Citing cases.]"

There was evidence submitted to the jury that Perry avenue was a public highway within the limits of the city of Bremerton. The avenue had a blacktop or oil surface. It had received applications of hot oil, and the surface had an average thickness of hard oil and gravel of approximately two inches. At the place where the accident occurred, the avenue had become rough, and witnesses compared its condition to that of a washboard. Its condition visibly affected busses and automobiles passing over that part of the avenue. There was testimony that there were holes or depressions at this place as much as six inches wide and from one to two inches in depth; that holes or depressions in the kind of surfacing used could readily be patched, and when this was done such patches would very seldom be displaced, but if anything occurred it would be the surfacing breaking away from them. The patches were always stronger than the surrounding surface of the street. There was testimony that the surface of the avenue could easily have been made smooth, and if such had been done it would have been reasonably safe for ordinary travel.

The decedent was riding a motor scooter with sidecar attached at a speed of approximately fifteen miles per hour. A witness testified that, when the scooter entered the part of the avenue referred to, "it seems that he hit these rough spots and his motorcycle just kept bouncing up and down and it threw him right over on the curb." The deceased lost control of the scooter and it swerved to one side and contacted a telephone pole by the side of the highway.

■ We have decided many times that it is the duty of a municipal corporation to exercise ordinary care to keep its streets in a reasonably safe condition for ordinary travel for persons using them in a proper manner and exercising due care for their own safety. *Throckmorton v. Port Angeles*, 193 Wash. 130, 74 P. (2d) 890; *Berglund v. Spokane County*, 4 Wn. (2d) 309, 103 P. (2d) 355. The difficulty lies not in the principles of law, but in their application to a given factual situation.

It appears from the oral opinion of the trial judge when ruling upon the motion for judgment notwithstanding the verdict that he felt the case of *Throckmorton v. Port Angeles, supra,* so factually resembled the case before him that he was required to grant the motion. The highway involved in the *Throckmorton* case was a gravelled roadway. The heavy volume of traffic caused holes or depressions in the gravel surface. The city had frequently filled the holes and depressions with gravel, but in a short time passing vehicles would cause it to be dislodged. It appears from the opinion in the case that the action was based upon the theory that the city was negligent in failing to maintain the street so that such rough condition would not occur. This court found that there was no evidence as to what the city could have done to remedy the condition other than what was done. In the opinion, we merely held that the city was not negligent when it appeared from the evidence that it had done all it could to remedy the defects.

■ We think the case is factually distinguishable from the one now under consideration, in that Perry avenue was what may be termed a hard-surfaced street. The holes or

depressions could have been filled with suitable material that would not be readily removed by passing vehicles. The evidence showed that, if the holes and depressions had been patched, the street would have been made smooth and reasonably safe for ordinary travel, and by proper maintenance work, that condition could have been maintained. We are of the opinion that the question of whether the respondent exercised reasonable care to maintain Perry avenue at the place where the accident occurred in a reasonably safe condition for ordinary travel was one upon which reasonable minds might differ, and therefore it was a question for the jury.

■ The respondent complains of the ruling of the trial court that, as a matter of law, the motor scooter was an ordinary means of travel, and the rejection of its contention that it was for the jury to say whether the deceased was negligent in using such a vehicle upon the highway. The respondent, not having taken a cross-appeal, is not now in a position to claim error in this respect.

■ Our examination of the record convinces us that the question of contributory negligence of the deceased was also one upon which reasonable minds might differ and was therefore one for the jury to determine.

The trial judge expressed the opinion in support of the order of the court granting the motion for judgment notwithstanding the verdict that if cities and counties were to be held liable under the facts of this case they would become bankrupt within a very short time, because of the existence of the large number of roads and outlying streets in the areas where such highways are constructed with thin coats of blacktop rather than heavy paving.

■ In applying the law governing the duty of municipal corporations to maintain its highways, the courts cannot be concerned with its wisdom or policy. If the duties and obligations of municipal corporations in this regard are to be different than as thus far pronounced by the courts, a legislative policy must be declared.

The judgment is reversed, and the cause remanded for the entry of a judgment upon the verdict.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.

[1] Reported in 210 P. (2d) 403.