[No. 31535. Department One. July 5, 1951.]

JOHN B. LEIVA et al., Appellants, v. KING COUNTY,
Respondent.[1]

*Kennett & McCutcheon* and *Edward H. Wright*, for
appellants.

*Charles O. Carroll* and *K. G. Smiles*, for respondent.

SCHWELLENBACH, C. J.—This is an appeal from a judgment
dismissing an action for damages alleged to have been
caused by the negligence of the defendant county in the

[1] Reported in 233 P. (2d) 532.

maintenance of a county road. The case was tried to the court and, after all the evidence was in, findings of fact, conclusions of law and judgment were entered.

■ No statement of facts has been furnished in this appeal. Appellants approve and adopt the findings made by the trial court, and, since there is no statement of facts before the court, the only question presented is whether the findings sustain the judgment. *McGregor v. Hollingsworth*, 190 Wash. 576, 69 P. (2d) 813. Appellants object, of course, to the conclusions of law based on the findings.

In order to adequately and correctly state the facts, we deem it necessary to quote rather extensively from the court's findings:

"III. That at all times herein mentioned there was maintained by the defendant in King County a certain county road known as the Novelty Snoqualmie River Bridge Cut Off, which road extends in a general easterly and westerly direction in Township 26 North, Range 6 E.W.M. from a place known as Novelty on the Duvall-Novelty Road westerly across the Snoqualmie River to the road known as the West Snoqualmie Valley Road. That at all times herein mentioned the said Novelty Snoqualmie River Bridge Cut Off was a road within the sole jurisdiction of the defendant for purposes of maintenance and supervision.

"IV. That on March 6, 1947, at about the hour of 7 o'clock P.M., the plaintiff John B. Leiva, accompanied by his wife, Mary Leiva, was driving his Dodge truck in a westerly direction on the Novelty Snoqualmie River Bridge Cut Off described above. That at said time it was raining and it was dark, although it was not yet pitch dark. That while driving as aforesaid and after crossing the bridge over the Snoqualmie River on said road, the plaintiffs' truck, when it was at a point halfway between the said bridge and the intersection of the cut off road with the Snoqualmie River road, suddenly and without warning struck a hole in the road, and thereafter continued to strike in rapid succession a series of holes, causing the plaintiff John B. Leiva to lose control of his said truck, and that the same plunged off the highway and into a ditch on his right hand side of the road. That when said vehicle came to rest it was headed in a general northerly direction in the ditch on the northerly side of said road. That at said time plaintiff wife was permanently injured, plaintiff husband was also in-

jured, and plaintiffs' truck was wrecked and thereby depreciated in value to the extent of $400.00.

"V. That the above mentioned road at the point where the said accident occurred contained an extensive area of chuck holes, varied in depth. That said area of chuck holes extended a distance of seventy (70) to one hundred (100) feet along said road, and due to the rain appeared to be smooth. That the portion of said roadway which plaintiffs had traversed immediately prior to reaching the area of chuck holes appeared to be and was in fact a smooth, solid and safe wet blacktop road. That by reason of the weather conditions and darkness existing at the time of the accident, the area of holes where the accident occurred presented to to the plaintiffs an appearance of smooth, solid blacktop surfacing. That said holes were fairly evenly spaced and extended longitudinally along said road in plaintiffs' line of travel. That said chuckholes were filled with water and their presence thereby concealed so that the same were not distinguishable on the surface of said road to a motorist using said road.

"VI. That plaintiffs were strangers upon said road and had no notice or warning of the condition of the roadway existing at and near the point where the accident occurred.

"VII. That the area of holes upon said road above described had been in existence for a period of time in excess of one month, and that defendant King County had actual notice of the condition of said roadway. That on February 26, 1947, and March 3, 1947, defendant, by and through its agent road foreman, had dispatched on each occasion a truck with driver and two helpers to work at the said area. That said employees on each occasion devoted approximately an hour's time to filling the holes with a mixture of oil and gravel. That on each of said occasions the road was wet and the holes filled with water. That said employees, with hand shovels, placed the said material in said holes. That they did not use any heavy roller equipment to compress the patching materials firmly into place. That not long after said patching the action of traffic on said roadway kicked said patching materials out of said holes. That said effort to repair said highway was wholly ineffectual except for a very brief period of time.

"VIII. That defendant King County did not at any time prior to the accident above described post any warnings, lights or signals of any nature whatsoever to warn motorists upon said highway of the defects existing thereon.

"IX. That plaintiffs were driving upon said highway at the rate of approximately thirty (30) miles per hour, and were exercising reasonable care for their own safety. That they were misled under the circumstances hereinabove set forth, and reasonably believed that the road was in fact safe for such travel."

The injuries to the plaintiffs were then described, and, in order to alleviate the necessity of a new trial in the event of a reversal, the trial judge very properly found the amount of damages sustained by the plaintiffs. They were: By reason of injuries sustained by the wife, ten thousand dol-. lars; by reason of injuries sustained by the husband, fifty dollars; by reason of damage to plaintiffs' truck, four hundred dollars; medical care and treatment, forty-five dollars; or a total of ten thousand four hundred ninety-five dollars.

The court then entered its conclusion of law "that the complaint of plaintiffs should be dismissed with prejudice."

Appellants urge that respondent failed to exercise reasonable care in that it did not post any warnings, lights, or signals to warn motorists of the conditions existing on the highway. Although we are convinced that such failure does, under certain conditions, constitute lack of reasonable care, we do not find that appellants, in their complaint, allege that such failure constituted negligence. Without a statement of facts, we are unable to determine under what theory the trial court admitted such evidence, unless it was to rebut respondent's allegation of contributory negligence. We will therefore not consider appellants' contention on this point.

■ It is the duty of a municipal corporation to exercise reasonable care to keep its streets and roads in a reasonably safe condition for ordinary travel for persons using them in a proper manner and exercising due care for their own safety. *Bulette v. Bremerton*, 34 Wn. (2d) 834, 210 P. (2d) 408.

■ As to the degree of care which a municipality must exercise in keeping its streets or roads safe for ordinary travel, the rule undoubtedly is that it must be reasonable care. While the *amount* of care may vary under different

circumstances, the *degree* of care remains the same at all times. Each case must depend largely upon its own facts. *Slattery v. Seattle*, 169 Wash. 144, 13 P. (2d) 464; *Throckmorton v. Port Angeles*, 193 Wash. 130, 74 P. (2d) 890.

The question of contributory negligence on the part of appellants has been foreclosed by the court's findings. It found that they were exercising reasonable care for their own safety.

Respondent contends that the case of *Throckmorton v. Port Angeles, supra*, is decisive of the issues in this case. There, a child was killed when a fire truck swerved because of chuckholes in an intersection, which was part of a graveled street. At the intersection in question, there were holes, in places, from two to five inches in depth. The accident occurred July 18, 1936. A grader had been run over the intersection on July 5th, 11th, 13th. Just prior to each of those dates, there had been a light rainfall. Going over the graveled roadway when it was dry and filling the holes with dry gravel was of very little consequence, because passing vehicles would throw the gravel out of the holes and the street would soon be in the same condition as it was before. We held that there was no evidence from which the jury was justified in finding or inferring that the city authorities had not used reasonable care to maintain the intersection in a safe condition for ordinary travel.

It is our opinion that this case is distinguishable from the *Throckmorton* case on the facts. There the road was graveled, while here there was a hard-surfaced blacktop. There the grading was always done after a rain when the chuckholes could be filled up and would have an opportunity to set. There was no showing of a lack of reasonable care on the part of the city. Here there were a series of chuckholes for a distance of from seventy to one hundred feet, and they were fairly evenly spaced. This area of holes in the road had been in existence for a period of time in excess of one month, and the county had actual notice of the condition of the roadway. On February 26th and March 3rd, the county attempted to remedy this situation by filling in the holes with a mixture of oil and gravel. It did not

attempt to compress the patching materials firmly into place by the use of heavy roller equipment, but merely placed the materials in the holes by the use of handshovels. The effort to repair the road was wholly ineffectual, except for a very brief period of time.

The county knew that the work which it did on February 26th was wholly ineffectual because it became necessary to do the same thing again on March 3rd, prior to the accident of March 6th. The county knew, or should have known, that it was practically a waste of time to place gravel and oil in holes in a solid road, without using some means to compress the patching firmly into place.

The county maintained, immediately before the area in question, "a smooth, solid and safe . . . blacktop road." Under the circumstances, the area complained of constituted a trap to strangers on the road. We are of the opinion, from the facts found by the trial court, that respondent county failed to exercise reasonable care in the maintenance of the road in question, and that the court erred in dismissing the action.

The judgment is reversed.

BEALS, HILL, DONWORTH, and FINLEY, JJ., concur.

---

August 14, 1951. Petition for rehearing denied.