# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68829-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| LITTERTORY DEANDRE MCCALL, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: November 18, 2013 |
| | ) | |

Cox, J. – Littertory McCall challenges his judgment and sentence, claiming that the prosecutor made improper statements during closing argument and rebuttal and that this misconduct requires reversal. Because McCall fails to show that the statements, to which he failed to object below, were incurable by a proper instruction or prejudicial, we disagree and affirm.

The State charged McCall with one count of delivery of cocaine, one count of possession of cocaine with intent to deliver, one count of possession of marijuana with intent to deliver, and one count of bail jumping.

At trial, the State presented testimony from four Seattle police officers. These officers testified that on April 1, 2012, they were working on a narcotics "buy/bust" operation. A "buy/bust" operation is where undercover police officers attempt to buy street-level narcotics and then, if successful, the seller is immediately arrested.

Two of the four officers were working undercover. One testified that McCall gave him crack cocaine in exchange for prerecorded twenty-dollar bills. The second testified that he observed the exchange.

The other two officers were part of the arrest team. One testified that when he arrested McCall, he found the prerecorded twenty-dollar bills and a rock of cocaine in McCall's pocket and a second rock of cocaine on the ground. The other testified that he recovered a backpack that contained marijuana.

McCall testified on his own behalf. He testified that the undercover officer handed him twenty-dollar bills, instructed him to give the money to another man, and then walked away. He denied giving the officer any cocaine, and he denied possessing cocaine. McCall testified that the cocaine was planted on him during the arrest. He testified that he planned to smoke the marijuana.

During closing argument, the prosecutor explained the reasonable doubt standard as follows:

> So, it doesn't require that you have not one shred of doubt that there's some scenario that's hypothetically possible under which he might not have done it. No. It asks, do you believe he did it, and is there a reasonable doubt? *Is there a reasonable scenario or reasonable explanation for how it might have happened that he didn't commit the crime?* So, when you're deliberating, think about that. Is it reasonable to think that he didn't do it? Is there a reasonable probability that this—that it didn't happen, and that is what the—the test requires. If you believe it's true, if you believe the charge is true, and that belief is going to stay with you, then you are satisfied beyond a reasonable doubt, and it is your duty to return a verdict of guilty.[1]

And in rebuttal, the prosecutor stated:

> *And if you have doubts, ask yourself, is that a reasonable doubt? Is it reasonable to think that that other scenario happened?* And that is how you have to analyze these cases.[2]

---

[1] Report of Proceedings (March 2, 2012) at 439 (emphasis added).

[2] Id. at 464 (emphasis added).

McCall failed to object to either of the above parts of the prosecutor's arguments.

The jury found McCall not guilty of possession of marijuana with intent to deliver. It could not agree on a verdict of cocaine possession with intent to deliver or on bail jumping. The jury found McCall guilty of delivery of cocaine.

McCall appeals.

## PROSECUTORIAL MISCONDUCT

McCall argues that the prosecutor "shifted the burden of proof by arguing that, to acquit, the jury must find a 'reasonable explanation' of how McCall did not commit the offense." He contends that this argument is no different from the "fill in the blank" argument that courts have consistently repudiated. McCall argues that this misconduct requires reversal. Because McCall fails to establish that the prosecutor's arguments could not have been cured by an instruction and that they were prejudicial, we disagree.

Prosecutorial misconduct is grounds for reversal if the prosecutor's conduct was both improper and prejudicial.[3] "The court reviews a prosecutor's conduct in the full trial context, including the evidence presented, the total argument, the issues in the case, the evidence addressed in argument, and the jury instructions."[4]

---

[3] State v. Monday, 171 Wn.2d 667, 675, 257 P.3d 551 (2011).

[4] State v. Calvin, ___ Wn. App. ___, 302 P.3d 509, 516 (2013) (citing Monday, 171 Wn.2d at 675).

3

Courts have consistently held that it is improper for a prosecutor to use a "fill in the blank" argument during closing argument.[5] A "fill in the blank" argument is when a prosecutor implies that the "jury must be able to articulate its reasonable doubt by filling in the blank."[6] This type of argument is improper because it subtly shifts the burden of proof to the defense.[7]

Once a defendant establishes that a prosecutor's statements are improper, a reviewing court determines whether the defendant was prejudiced under one of two standards of review.[8] If the defendant objected at trial, "the defendant must show that the prosecutor's misconduct resulted in prejudice that had a substantial likelihood of affecting the jury's verdict."[9] But if the defendant failed to object at trial, "the defendant is deemed to have waived any error, unless the prosecutor's misconduct was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice."[10]

---

[5] See e.g., State v. Emery, 174 Wn.2d 741, 759, 278 P.3d 653 (2012); State v. Walker, 164 Wn. App. 724, 730-31, 265 P.3d 191 (2011); State v. Johnson, 158 Wn. App. 677, 684-85, 243 P.3d 936 (2010); State v. Venegas, 155 Wn. App. 507, 523-24, 228 P.3d 813 (2010).

[6] Emery, 174 Wn.2d at 760.

[7] Id.

[8] Id.

[9] Id. (citing State v. Anderson, 153 Wn. App. 417, 427, 220 P.3d 1273 (2009)).

[10] Id. at 760-61 (citing State v. Stenson, 132 Wn.2d 668, 727, 940 P.2d 1239 (1997)).

Under this latter "heightened" standard, the defendant must show that: "(1) 'no curative instruction would have obviated any prejudicial effect on the jury' and (2) the misconduct resulted in prejudice that 'had a substantial likelihood of affecting the jury verdict.'"[11]

"Reviewing courts should focus less on whether the prosecutor's misconduct was flagrant or ill intentioned and more on whether the resulting prejudice could have been cured."[12] The question is "'has such a feeling of prejudice been engendered or located in the minds of the jury as to prevent a [defendant] from having a fair trial?'"[13] Even flagrant misconduct can be cured.[14]

The supreme court considered a "fill in the blank" argument in State v. Emery.[15] There, during closing argument, the prosecutor stated:

> [I]n order for you to find the defendant not guilty, you have to ask yourselves or you'd have to say, quote, I doubt the defendant is guilty, and my reason is blank. A doubt for which a reason exists. If you think that you have a doubt, you must fill in that blank.[16]

---

[11] Id. at 761 (quoting State v. Thorgerson, 172 Wn.2d 438, 455, 258 P.3d 43 (2011)).

[12] Id. at 762.

[13] Id. (quoting Slattery v. City of Seattle, 169 Wash. 144, 148, 13 P.2d 464 (1932)).

[14] Id. at n.13 (citing State v. Warren, 165 Wn.2d 17, 27, 195 P.3d 940 (2008)).

[15] 174 Wn.2d 741, 278 P.3d 653 (2012).

[16] Id. at 750-51.

The court concluded that the prosecutor's statements, while improper, did not "engender[ ] an incurable feeling of prejudice in the mind of the jury."[17] Rather, they had the potential to confuse the jury about its role and the burden of proof.[18] The court stated that had there been an objection at trial, "the court could have properly explained the jury's role and reiterated that the State bears the burden of proof and the defendant bears no burden."[19] It stated that "[s]uch an instruction would have eliminated any possible confusion and cured any potential prejudice . . . ."[20]

The Emery court also stated in a footnote that it determined that the defendants also could not show a substantial likelihood that the statements affected the jury's verdict.[21] In so concluding, it noted that the prosecutor clearly and repeatedly stated that the State bears the burden of proof, that the State's case was very strong, and that the jury instructions stated a proper definition of reasonable doubt, explained the defendant has no burden, and directed jurors to disregard argument not supported by the law in the instructions.[22]

---

[17] Id. at 762.

[18] Id. at 763.

[19] Id. at 764.

[20] Id.

[21] Id. at n.14.

[22] Id.

Overall, the court concluded that the defendants could not demonstrate that the improper statements were incurable or prejudicial.[23]

Here, we need not decide whether the prosecutor's arguments subtly shifted the burden of proof to the defense by asking if there is "a reasonable scenario or reasonable explanation for how it might have happened that [McCall] didn't commit the crime."[24] Assuming, without deciding, that it did, McCall fails to show that the argument was either incurable by an instruction or prejudicial.

Because McCall did not object at trial, he must establish prejudice under the heightened standard. McCall cannot show either requirement.

First, McCall fails to show that no curative instruction would have obviated any prejudicial effect on the jury. Like the statements in Emery, the statements here were not inflammatory.[25] Rather, they arguably had the potential to confuse the jury about its role and about the burden of proof. If there had been an objection at trial, the court could have provided a curative instruction to the jury. This would have eliminated any confusion and cured any potential prejudice.

Second, McCall also fails to show a substantial likelihood that the statements affected the jury's verdict. During closing argument, the prosecutor clearly stated that the State has the burden of proof. Further, the jury instructions told the jury to "disregard any remark, statement, or argument that is not supported by the evidence or the law in [the] instructions." The instructions

---

[23] Id. at 765.

[24] Report of Proceedings (March 2, 2012) at 439.

[25] See Emery, 174 Wn.2d at 763.

reiterated that the State has the burden of proof and that the defendant has no burden. We presume that the jury followed the court's instructions.[26]

In sum, McCall fails to show that the prosecutor's statements, even if improper, were incurable or prejudicial.

McCall relies on State v. Johnson, for the proposition that "fill in the blank" arguments "trivialized the degree of certainty the jury should have to convict . . . ."[27] But, in Johnson, Division Two of this court did not make that observation about "fill in the blank" arguments.[28] Rather, the comment was related to other improper statements.[29] Thus, this argument is not helpful.

Next, McCall argues that incurable prejudice is shown when the case hinges on credibility and the prosecutor's arguments could serve as the deciding factor. But Emery also involved credibility determinations, and there, the supreme court held that potential prejudice was curable by instruction.[30] As discussed above, McCall fails to show that any prejudice was incurable by instruction. Thus, his argument is not persuasive.

---

[26] Anderson, 153 Wn. App. at 432.

[27] Brief of Appellant at 8-9 (citing State v. Johnson, 158 Wn. App. 677, 243 P.3d 936 (2010)).

[28] Johnson, 158 Wn. App. at 684.

[29] Id. at 684-85.

[30] Emery, 174 Wn.2d at 764.

Finally, McCall relies on State v. Walker for the proposition that prejudice can result from the prosecutor's repetition of improper arguments.[31] But, in Walker, the prosecutor "made the improper comments not just once or twice, but frequently" and emphasized them with PowerPoint slides.[32] Further, the prosecutor in Walker utilized several other improper arguments in addition to "fill in the blank" arguments.[33] The court considered the cumulative effect of these to conclude that additional instructions would not have cured their effect.[34]

Here, in contrast, there was just one type of argument at issue, and it was utilized once in closing and once in rebuttal. Additionally, as discussed above, courts look to the entire context of the argument, the issues, the evidence, and the instructions to determine prejudice.[35] Looking at the entire context of the argument, McCall fails to establish prejudice.

We affirm the judgment and sentence.

_Cox, J._

WE CONCUR:

---

[31] Brief of Appellant at 11 (citing Walker, 164 Wn. App. at 738).

[32] Walker, 164 Wn. App. at 738.

[33] Id. at 729.

[34] Id. at 726, 729, 737-39.

[35] Calvin, 302 P.3d at 516 (citing Monday, 171 Wn.2d at 675).