# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>EMERSON BALVINO BOLANOS,<br><br>Appellant. | DIVISION ONE<br><br>No. 76755-1-I<br><br>UNPUBLISHED OPINION<br><br>FILED: November 13, 2018 |

2018 NOV 13 AM 9: 54
FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

DWYER, J. — Emerson Bolanos appeals from his conviction for the felony crime of failure to register as a sex offender. On appeal, Bolanos contends that the prosecutor engaged in misconduct by arguing to the jury in a manner that relieved the State of its burden to prove an element of the crime charged beyond a reasonable doubt—specifically, knowledge of sex offender registration requirements. Bolanos further contends that if his counsel failed to properly preserve the issue for appeal, such failure constituted ineffective assistance of counsel. Holding that Bolanos failed to properly preserve his claim of error for appeal, that any prejudice could have been ameliorated by a curative instruction, and that his attorney's tactics did not constitute ineffective assistance of counsel, we affirm.

I

The State charged Bolanos with one count of felony failure to register as a sex offender.[1] At trial, Bolanos stipulated that he had a prior felony sex offense conviction and was required to register as a sex offender. Moreover, Bolanos did not dispute that he had not registered a change in address when he became homeless. He further acknowledged that he knew how to register as a sex offender. But he disputed that he knew how to register as a sex offender when homeless or that he knew that it was even possible to register a change in address as a homeless person.

During closing argument, the prosecutor discussed the burden of proof regarding the element of knowledge. The prosecutor began her discussion of knowledge by reading directly from the jury instructions:

> I don't want you to be confused about what knowledge the State has to prove beyond a reasonable doubt. You just heard the instruction of knowledge, jury instruction Number 8. If you want to go ahead and read with me.
> A person knows or acts knowingly, or with knowledge, with respect to a fact, circumstance or result when he or she is aware of that fact, circumstance or result. It is not necessary that the person know that the fact, circumstance or result is defined by law as being unlawful or an element of a crime.
> Lastly – excuse me, next paragraph.
> If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury's permitted, but not required, to find that he or she acted with knowledge of that fact.

The prosecutor then reviewed all of the evidence presented to the jury on the question of Bolanos's knowledge of the registration requirements applicable

---

[1] The State also charged Bolanos with one count of bail jumping but the charges were severed before trial.

to sex offenders. Following her summary of the evidence, the prosecutor concluded that "there is sufficient evidence beyond a reasonable doubt that the defendant knows he's failing to comply with his registration requirements. He's aware of that fact, circumstance or result."

Later in her argument, the prosecutor stated that "ignorance of the law is not a defense." In rebuttal, the prosecutor again stated that "ignorance of the law is not an excuse." Defense counsel did not object to these statements during the prosecutor's argument. Instead, in her own closing argument, Bolanos's experienced attorney argued to the jury that the prosecutor's statements did not match the requirements of the law as set forth in the jury instructions.[2] Ultimately, the jury found Bolanos guilty of the crime of failure to register as a sex offender.

Five days subsequent to the verdict, Bolanos filed a motion seeking arrest of the judgment pursuant to CrR 7.4 or, in the alternative, a new trial pursuant to

---

[2] The to-convict instruction provided to the jury stated that:

To convict the defendant of the crime of failure to register as a sex offender, each of the following elements of the crime must be proved beyond a reasonable doubt:
(1) Prior to May 29, 2013, the defendant was convicted of a felony sex offense;
(2) That due to that conviction, the defendant was required to register in the State of Washington as a sex offender between May 29, 2013 and May 18, 2014; and
(3) That during that time period, the defendant knowingly failed to comply with a requirement of sex offender registration; namely, the requirement that the defendant provide signed written notice of his change of address to the county sheriff within three business days of moving from the registered address.
If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

- 3 -

CrR 7.5. Bolanos argued that relief was warranted on the ground that the State presented insufficient evidence of knowledge or on the bases that the prosecutor engaged in misconduct during closing argument and defense counsel was ineffective by failing to object. The trial court denied Bolanos's motion.

II

On appeal, Bolanos avers that the trial court should have granted his motion for a new trial because the prosecutor engaged in misconduct by stating during closing argument that "ignorance of the law is not a defense." Alternatively, he asserts that, if that issue was not properly preserved for appeal, his defense attorney necessarily provided constitutionally ineffective assistance by failing to timely object.

In response, the State asserts that Bolanos waived his prosecutorial misconduct claim because any prejudice could have been remedied by a curative instruction had Bolanos objected and that defense counsel was not ineffective for failing to object. We hold that Bolanos waived his claim of prosecutorial misconduct and that his trial attorney provided constitutionally sufficient representation.

A

Bolanos first asserts that the prosecutor engaged in misconduct by twice stating during jury arguments that "ignorance of the law is not a defense." The State replies that Bolanos waived any claim of error by not objecting in a timely manner. The State is correct.

A defendant claiming prosecutorial misconduct bears the burden of establishing that the alleged improper conduct was both improper and prejudicial to the defendant. State v. Fisher, 165 Wn.2d 727, 747, 202 P.3d 937 (2009). We review a trial court's ruling on a claim of prosecutorial misconduct under an abuse of discretion standard. State v. Lindsay, 180 Wn.2d 423, 430, 326 P.3d 125 (2014).

Misconduct is prejudicial only if there "is a substantial likelihood the misconduct affected the jury's verdict." State v. Brown, 132 Wn.2d 529, 561, 940 P.2d 546 (1997). However, if the defendant fails to object or request a curative instruction at trial, the issue of misconduct is waived unless the conduct was so flagrant and ill-intentioned that an instruction could not have cured the resulting prejudice. Fisher, 165 Wn.2d at 747. A "motion for a mistrial due to prosecutorial misconduct directly following the prosecutor's rebuttal closing argument" may preserve the issue for appellate review. Lindsay, 180 Wn.2d at 430-31.

Improper argument addressing the burden of proof touches upon a defendant's constitutional rights. But that does not mean that such argument cannot be cured by a proper instruction to the jury. State v. Emery, 174 Wn.2d 741, 763, 278 P.3d 653 (2012). Indeed, comments from the prosecutor misstating the burden of proof can be properly neutralized by appropriate curative instructions. State v. Warren, 165 Wn.2d 17, 28, 195 P.3d 940 (2008). "'The criterion always is, has such a feeling of prejudice been engendered or located in the minds of the jury as to prevent a [defendant] from having a fair

trial?'" Emery, 174 Wn.2d at 762 (alteration in original) (quoting Slattery v. City of Seattle, 169 Wash. 144, 148, 13 P.2d 464 (1932)). Comments which do not engender an "inflammatory effect" are curable through appropriate instruction. See Emery, 174 Wn.2d at 763.

Here, Bolanos's experienced lawyer did not object to the prosecutor's statements in jury arguments that "ignorance of the law is not a defense." Bolanos contends that his postverdict motion to arrest the judgment is the functional equivalent of a contemporaneous objection and, thus, the claim of error is preserved for appeal. In support of this contention, he cites to Lindsay. But Lindsay says no such thing.

In Lindsay, the Supreme Court evaluated the prejudicial effect of numerous instances of prosecutorial misconduct that were evidenced in the trial court record. With regard to the wrongful acts of the prosecutor that took place during closing and rebuttal arguments, the defendant did not interpose a contemporaneous objection. Lindsay, 180 Wn.2d at 440-41.

> However, directly after the prosecutor's closing argument, [defense] counsel made a motion for mistrial. In that motion she identified a number of the prosecutor's statements as improper . . . stating specifically that "he made his personal opinions about the evidence [known] on numerous occasions," . . . , and that "he is disparaging counsel, just, you know, egregiously," . . . . The Ninth Circuit has recognized that a defense counsel entering "objections to the language and tenor of the prosecutor's closing remarks by way of a mistrial motion after the government finished its summation" is "an acceptable mechanism by which to preserve challenges to prosecutorial conduct in a closing argument in lieu of repeated interruptions to the closing arguments," and therefore that the ordinary standard for examining prejudice applies. [United States v.] Prantil, 764 F.2d [548,] 555 n. 4 [(9th Cir. 1985)] (citing United States v. Lyman, 592 F.2d 496, 499 (9th Cir. 1978)). The rule in Prantil advances the policy reasons for the contemporaneous

objection rule, such as giving the trial court a chance to correct the problem with a curative instruction, and we therefore adopt it.

Lindsay, 180 Wn.2d at 441.

The postverdict motion that Bolanos filed—to arrest judgment—does not meet this standard. In Lindsay, the motion was brought when the jury was still impaneled and a curative instruction could be given. Not so here. The jury had been discharged well before Bolanos filed his motion. No curative instruction could be given. The Prantil standard was not met. The claim of error was not preserved.

Because Bolanos failed to object in a timely manner, we must next determine whether a curative instruction could have neutralized the claimed misconduct. In our view, the statement that "ignorance of the law is not a defense" is not an inflammatory comment capable of engendering incurable prejudice in the minds of jurors. Rather, it is a potentially misleading characterization of the legal standard that the jury was required to apply. If Bolanos had objected to the comments as potentially confusing to the jury, the court could have properly explained the jury's role and reiterated that the State bore the burden of proof on the issue of knowledge. Because we find that a curative instruction could have resolved any concerns about the prosecutor's comments, it follows that appellate relief is not warranted.

B

Bolanos next contends that his attorney's decision not to object to the aforementioned statements constitutes constitutionally ineffective assistance of counsel. We disagree.

- 7 -

"'In order to succeed in [an ineffective assistance of counsel] claim, the defendant must show both that the attorney's performance was deficient and that the defendant was prejudiced by that deficient performance.'" In re Det. of Hatfield, 191 Wn. App. 378, 401, 362 P.3d 997 (2015) (alteration in original) (quoting State v. Borsheim, 140 Wn. App. 357, 376, 165 P.3d 417 (2007)). "Deficient performance is that which falls below an objective standard of reasonableness." State v. Weaville, 162 Wn. App. 801, 823, 256 P.3d 426 (2011). "Prejudice occurs where there is a reasonable probability that, but for the deficient performance, the outcome of the proceedings would have been different." Weaville, 162 Wn. App. at 823 (citing State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)).

"The reasonableness of counsel's performance is to be evaluated in light of all the circumstances." Weaville, 162 Wn. App. at 823 (citing In re Pers. Restraint of Davis, 152 Wn.2d 647, 673, 101 P.3d 1 (2004)). "[S]crutiny of counsel's performance is highly deferential and courts will indulge in a strong presumption of reasonableness." State v. Thomas, 109 Wn.2d 222, 226, 743 P.2d 816 (1987). We presume adequate representation if there is any "'conceivable legitimate tactic'" that explains counsel's performance. Hatfield, 191 Wn. App. at 402 (quoting State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)).

"In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to

- 8 -

law." Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "A defendant has no entitlement to the luck of a lawless decisionmaker." Strickland, 466 U.S. at 695.

Here, Bolanos's attorney made a decision not to object to the prosecutor's comments but to instead refer to the comments in her own closing argument. Bolanos's attorney chose to address the comments by pointing out the differences between the prosecutor's comments and the instructions provided to the jury. It is conceivable that such a tactic—taking the opportunity to describe an adversary's argument as legally incorrect during closing argument rather than objecting to it—is one upon which a reasonable attorney might legitimately rely. Thus, Bolanos fails to overcome the presumption of adequate representation. See Hatfield, 191 Wn. App. at 402.

Furthermore, Bolanos asserts that the jury may have applied an improper legal standard because of ineffective assistance of his counsel. However, he does not challenge the propriety of the instructions provided to the jury. Instead, his contention of ineffective assistance is premised on a claim that the prosecutor's statements misled the jury as to the State's burden of proof. Because we presume that the jury properly applied the law as provided to it in the jury instructions, Strickland, 466 U.S. at 694, such a claim cannot serve as the ground for a successful contention of ineffective assistance of counsel. No prejudice has been shown. Bolanos's contention of ineffective assistance of counsel fails.

Affirmed.

We concur: